***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERBIE RODWELL, | |
| Plaintiff, | Civil No. 12-989 (KM) |
| v. | |
| TORY WEAVER, et al., | OPINION |
| Defendants. | |

**APPEARANCES:**

**HERBIE RODWELL,** Plaintiff pro se
# 269383
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**MCNULTY,** District Judge

　　Plaintiff Herbie Rodwell ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

　　At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes

that the complaint will not be dismissed, but should be stayed at this time, pending the outcome of Plaintiff's criminal case in State court.

## I. BACKGROUND

Plaintiff, incarcerated at the Passaic County Jail, Paterson, New Jersey, as a pretrial detainee at the time of filing, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Tory Weaver and Khaled Coubati, detectives with the Passaic County Prosecutor's Office.

Plaintiff alleges that, on April 13, 2011, he was traveling to his classes at Essex County Community College when his vehicle was illegally stopped. He allegedly was detained without probable cause and driven two blocks away to a residence. Plaintiff alleges that the police officers, acting without a warrant, entered the apartment and performed an illegal search and seizure. Plaintiff was charged with violations stemming from contraband seized from the apartment.

Plaintiff seeks monetary damages from both defendants.

## II. DISCUSSION

### A. The Complaint Sufficiently Alleges a Section 1983 Claim, And Will Not Be Dismissed At The Initial Screening Stage.

#### 1. The Applicable Standard

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which

2

a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening by the court for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner. In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In exercising this screening function, the court is guided by the Supreme Court's recent refinement of the standard for dismissal of a complaint that fails to state a claim. See Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). There, the Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

3

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to survive a motion to dismiss, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. To be sufficient, such an allegation must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948). Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are not merely possible, but plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555 & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Analysis: 42 U.S.C. § 1983**

I find, upon initial screening, that this pro se complaint does not merit summary dismissal. Assuming as I must that the allegations of the complaint are true (which, of course, remains to be seen), it appears to set forth a Section 1983 claim under the Fourth Amendment to the United States Constitution, based on unlawful arrest, false imprisonment, or illegal search and

seizure.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, *first*, the violation of a right secured by the Constitution or laws of the United States and, *second*, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

It is well established in the Third Circuit that an arrest without probable cause is actionable under Section 1983 as a violation of rights secured by the Fourth Amendment. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable

seizures); Hill v. Algor, 85 F. Supp. 2d 391, 397 (3d Cir. 2000) ("An arrest that is made without probable cause violates the Fourth Amendment," giving rise to a claim that may be vindicated through 42 U.S.C. § 1983). Similarly, a search or seizure without probable cause may form the basis of a Section 1983 claim based on the Fourth Amendment. See Reedy v. Evanson, 615 F.3d 197 (3d Cir. 2010) (precluding summary judgment of plaintiff's § 1983 claim arising from unlawful search and seizure and subsequent arrest where police officer conducted warrantless searches and made false statements and omissions in his application for an arrest warrant); United States v. Silveus, 542 F.3d 993, 999 (3d Cir. 2008) ("warrantless searches . . . are *per se* unreasonable under the Fourth Amendment"); Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) ("a false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures.").

The Complaint also clearly alleges the second Section 1983 element: that when the defendants committed the acts alleged in the complaint (assuming they did commit them), they acted under color of state law. See Groman, 47 F.3d at 638 ("a suit under § 1983 requires the wrong doers to have violated federal rights of the plaintiff, and that they did so while acting under the color of state law."); NCAA v. Tarkanian, 488 U.S. 179, 192 (1988)

6

(when conducting the "under color of state law" inquiry "we ask whether the State provided a mantle of authority that enhanced the power of the harm-causing individual actor."); <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 816 (3d Cir. 1994)("If an individual is possessed of state authority and purports to act under that authority, his action is state action."). The complaint identifies the defendants as detectives with the Passaic County Prosecutor's Office. It alleges that, acting in the course of their official duties, they detained plaintiff, searched his apartment, and arrested him for violations of state law.

In short, this Complaint is sufficient to survive the Court's initial screening of in forma pauperis complaints. It will not be dismissed.

**B.    This Action Will Be Stayed Pending The Outcome Of The Plaintiff's State Criminal Case.**

Because Plaintiff is currently a pretrial detainee, subject to criminal proceedings in State court, I will stay this federal Section 1983 action pending the completion of the criminal case. I will administratively terminate this case, with the intention that the termination operate as a stay but not a dismissal of these federal claims. I do so to permit the state criminal case to proceed unhindered to its conclusion, while preserving plaintiff's rights under the statute of limitations.

   1.   *Stay or abstention in favor of State criminal case*

Abstention principles are an important guide to a federal

court considering what to do in response to parallel state litigation. For the reasons expressed in this and the following section, I do not find that full abstention, *i.e.,* an outright dismissal of this federal action in favor of the state criminal proceedings, is appropriate. In this action, as in other actions for damages, a stay is the better course.

Particularly in equity cases, the Supreme Court has permitted federal courts to exercise their discretion to abstain, *i.e.,* to dismiss federal cases in favor of parallel state proceedings, in the name of federalism:

> [F]ederal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding, see *Younger v. Harris*, 401 U. S. 37 (1971), or with certain types of state civil proceedings, see *Huffman v. Pursue, Ltd.*, 420 U. S. 592 (1975); *Juidice v. Vail*, 430 U. S. 327 (1977); cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law, see *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U. S. 496 (1941); cases raising issues "intimately involved with [the states'] sovereign prerogative," the proper adjudication of which might be impaired by unsettled questions of state law, see *Louisiana Power & Light Co. v. Thibodaux*, 360 U. S. 25, 28 (1959); id., at 31 (Stewart, J., concurring); cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes, see *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U. S. 293 (1943); and cases which are duplicative of a pending state proceeding, see *Colorado River Water Conservation Dist. v. United States*, 424 U. S. 800 (1976); *Pennsylvania v. Williams*, 294 U. S. 176 (1935).

<u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716-17 (1996).

Abstention doctrines have been applied more narrowly,

however, in actions at law for damages. A court may abstain, for example, where an award of damages would be tantamount to a declaratory judgment that a state program was unconstitutional. See id. "Otherwise, we have applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." Id. at 719-20 (citing Louisiana Power & Light Co. v. Thibodaux, 360 U. S. 25, 28-30 (1959); County of Allegheny v. Frank Mashuda Co., 360 U. S. 185 (1959); Fornaris v. Ridge Tool Co., 400 U. S. 41, 44 (1970); United Gas Pipe Line Co. v. Ideal Cement Co., 369 U. S. 134, 135-136 (1962); Clay v. Sun Ins. Office Ltd., 363 U. S. 207, 212 (1960).

Younger v. Harris, an abstention case, is not precisely on point, but it states principles of federalism that guide this court's decision. There, the Supreme Court held that federal courts may not enter an injunction that would interfere with a state's sovereign prerogative to conduct its own criminal proceedings. See 401 U.S. 37, 41-42 (1971).[1] The essential

---

[1] In subsequent cases, the Court has adopted the application of Younger to claims for declaratory and injunctive relief. See Samuels v. Mackell, 401 U.S. 66 (1971) (holding that the principles of Younger are fully applicable to requests for declaratory relief). Further, while the Supreme Court has yet to rule on the application of Younger to monetary relief, this Circuit has applied a Younger abstention analysis to damage suits. See Gwynedd Properties v. Lower Gwynedd Township, 970 F.2d 1195 (3d Cir. 1992); Williams v. Hepting, 844 F.2d 138 (3d Cir. 1988).

elements of <u>Younger</u> abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989).[2] Plaintiff here is facing a criminal prosecution, the aim of which is to vindicate an important state interest, expressed in a criminal statute. The New Jersey state courts offer Plaintiff the opportunity to litigate his constitutional issues (although not his claim for damages) in the context of, *e.g.*, a motion to suppress the evidence seized as a result of the stop and arrest. Consistent with federalism, I will not interfere with the criminal prosecution in the state court by deciding those issues in advance. The state court should have the first opportunity to address them.

Setting aside general comity-based concerns, there are more specific reasons to enter a stay in a case like this one. A federal 1983 action, it is true, may be filed before state criminal proceedings are complete. Until the state criminal judgment is final, however, the federal claim cannot be adjudicated – nor can the federal court even know whether it is

---

[2] The <u>Younger</u> principle will yield when there is a showing of bad faith prosecution, harassment, or a patently unconstitutional rule being applied in the state proceedings. No such showing is suggested here.

appropriate to adjudicate it - consistent with well-established jurisprudential principles.

There is a long-standing principle that a Section 1983 action cannot be used to collaterally attack a criminal conviction.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 487-88 (1984). By extension, a Section 1983 damages actions cannot be used as a collateral means to litigate issues that are or will be necessarily decided in the course of a criminal proceeding:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to **stay the civil action until the criminal case or the likelihood of a criminal case is ended**. See [Heck, 512 U.S.] at 487-488, n. 8 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007)(majority opinion; emphasis added); see also id. at 399 (Stevens, J., concurring) ("it may well be appropriate to stay the trial of claims of this kind until after the completion of state proceedings").

The validity, or not, of the Plaintiff's arrest and the search of his apartment are issues critical to the validity and viability of the state criminal charges. It is almost inevitable that those issues will be litigated in the state criminal case, unless Plaintiff waives or elects not to pursue them. Wallace and Heck establish that I may – indeed, probably must – stay this federal Section 1983 action pending the conclusion of Plaintiff's state criminal case.

   *2. Statute of limitations considerations*

The case law cited establishes that the proper course here is to stay this federal Section 1983 action, rather than dismiss it in favor of the state criminal case. I am further persuaded that a stay is the proper course, because a stay may be necessary to preserve plaintiff's rights under the statute of limitations.

Because a plaintiff may file suit immediately after a constitutional tort occurs, the limitations period begins to run from that date (e.g., the time of an allegedly wrongful arrest or an unlawful search):

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* — when, for example, he is bound over

12

> by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

Wallace v. Kato, 549 U.S. at 389-90 (quoting Heck, 512 U.S. at 484). See also Singleton v. DA Philadelphia, 411 Fed. Appx. 470, 472 (3d Cir. 2011)(not precedential) (claim for false arrest accrued on the date that the plaintiff "was arrested and charges were filed against him"). Similarly, any claim of an unlawful search accrued at the time of the search: here, April 13, 2011. MacNamara v. Hess, 67 Fed. Appx. 139, 143 (3d Cir. 2003) (not precedential) ("Accordingly any Fourth-Amendment-based claim accrued on the same day as the allegedly unlawful search and seizure.").

But for the filing of this federal complaint, then, the limitations period for Plaintiff's Section 1983 claims would still be running. The limitations period is not tolled by the pendency of state criminal proceedings. Any federal Section 1983 claim based on the Fourth Amendment, then, must be brought within the statute of limitations, irrespective of pending or concluded state criminal proceedings. Wallace, 549 U.S. at 393-97.

This complaint was dated February 13, 2012, by the

13

plaintiff, who is a prisoner, and was filed by the Clerk of the Court on February 17, 2012. Although this Court will defer to the state criminal case, the plaintiff should not thereby lose the benefit of that filing date. Indeed, it would be unfair to dismiss this action while the statute of limitations continues to run; if plaintiff were prevented from filing a federal action until after the completion of the state criminal case, he might find that the statute of limitations applicable to his Section 1983 claims had expired in the interim. A stay, as opposed to a dismissal, will permit plaintiff to revive his federal action, if appropriate, at some future date, after the completion of the state criminal case. At that time, the federal action will be treated as having been filed in February, 2012 - as indeed it was.[3]

III. CONCLUSION

For the reasons stated above, this action will be stayed, pending the completion of Plaintiff's criminal prosecution in state court. The clerk may terminate the case, administratively

---

[3]    I do not determine the precise filing date of this complaint, dated February 13, 2012, and filed by the clerk on February 17, 2012, nor do I rule on whether it was filed timely, an issue that is not before me. See Houston v. Lack, 487 U.S. 266 (1987) (complaint deemed filed as of date prisoner gives it to to prison authorities for delivery to court). I only rule that, if it is timely now, it will be no less timely if and when, sometime in the future, the stay is dissolved and the action proceeds.

14

only, with the understanding that the termination is to operate as a stay, not as a dismissal. An appropriate order accompanies this opinion.

Dated: October 9, 2012

                                        KEVIN MCNULTY
                                        United States District Judge